IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC,<br>          Plaintiff,<br>v.<br>ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.,<br>          Defendant. | Case No. 2:22-cv-00446 |

**DEFENDANT ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.'S
UNOPPOSED MOTION TO STAY ACTION PENDING ITC DETERMINATION**

Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus") respectfully moves this Court to stay all deadlines in the above-captioned case until the determination of the U.S. International Trade Commission ("ITC") Matter becomes final, pursuant to 28 U.S.C. § 1659(a), including during any appeals and until the Commission proceedings are no longer subject to judicial review. The parties have met and conferred, and Plaintiff AGIS Software Development LLC ("AGIS Software") does not oppose this motion.

On November 18, 2022, AGIS Software filed a complaint against OnePlus in this action ("the Texas action") alleging infringement of U.S. Patent Nos. 8,213,970, 9,445,251, 9,467,838, 9,749,829, and 9,820,123. On November 16, 2022, AGIS Software filed a complaint in the ITC asserting the same patents against OnePlus and other proposed respondents. On December 22, 2022, the U.S. International Trade Commission ("ITC") instituted the matter titled, *In the Matter of Certain Location-Sharing Systems, Related Software, Components Thereof, and Products Containing Same*, Investigation No. 337-TA-1347 ("the ITC Matter"), currently before the ITC under section 337 of the Tariff Act of 1930.

Pursuant to 28 U.S.C. § 1659, district court patent claims that involve the same issues as a parallel ITC proceeding are subject to a mandatory stay. Specifically, 28 U.S.C. § 1659(a) provides:

> (a) Stay. In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within
>
> > (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
> >
> > (2) 30 days after the district court action is filed, whichever is later.

*Id.*

A stay issued under this statute remains in effect during any appeals and "until the Commission proceedings are no longer subject to judicial review." *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007). Here, because the patents asserted in this action also are asserted against OnePlus in the ITC Matter, and because the parties and the accused products are also the same, a stay of this case as to OnePlus is mandatory upon its timely request. The mandatory stay of Section 1659 applies where a request is made: (1) 30 days after the party is named as a respondent in the proceeding before the Commission; or (2) 30 days after the district court action is filed, whichever is later. OnePlus's request is made within 30 days after OnePlus was named as a respondent in the proceeding before the Commission, which means it is timely under Section 1659(a)(1).

For the foregoing reasons, OnePlus respectfully requests that the Court enter the attached proposed order, and suspend all deadlines and stay all proceedings as to OnePlus in the Texas action until the determination of the ITC Matter becomes final, including during any appeals and until the Commission proceedings are no longer subject to judicial review.

OnePlus appears specially to make this motion because AGIS has not yet served process on OnePlus.

OnePlus's special appearance does not waive any of its objections and defenses to AGIS's Complaint, including, but not limited to, any defenses based on lack of jurisdiction, improper venue, inconvenient venue, insufficiency of process, and insufficiency of service of process and does not waive OnePlus's rights to seek appropriate relief, including dismissal of the Complaint or venue transfer.  *See, e.g.*, *Mann v. Castiel*, 681 F.3d 368, 373-74 (D.C. Cir. 2012) (holding that a motion to stay does not waive an objection to sufficiency of service of process); *Lane v. XYZ Venture Partners, L.L.C.*, 322 F.App'x 675, 678 (11th Cir. 2009) (holding that defendants "did not waive their defense of lack of personal jurisdiction by moving to stay the proceedings").  Thus, OnePlus expressly reserves all objections, defenses, and rights in response to AGIS's Complaint allegations.  Requesting a stay at this juncture without resolution of such objections and defenses will conserve judicial resources consistent with FRCP 1.

Dated: January 14, 2023

Respectfully submitted,

By: /s/ *Theodore J. Angelis*
Theodore J. Angelis
WA Bar No. 30300
**K&L GATES LLP**
925 4th Ave, Suite 2900
Seattle, WA 98104
206.623.7580
theo.angelis@klgates.com

Darlene F. Ghavimi
TX Bar No. 24072114
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746
512.482.6800
darlene.ghavimi@klgates.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on January 14, 2023, he caused the foregoing document to be electronically filed with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which will send electronic notification to all parties who have appeared and are registered as CM/ECF participants in this matter. Parties may access this filing through the Court's CM/ECF system.

/s/ *Theodore J. Angelis*
Theodore J. Angelis

## CERTIFICATE OF CONFERENCE

The undersigned attorney certifies that counsel for Defendants met and conferred with counsel for Plaintiffs. Counsel for Plaintiffs indicated that it is unopposed to this motion.

/s/ *Theodore J. Angelis*
Theodore J. Angelis